959 F.2d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip SMITH, Plaintiff-Appellant,
v.
John JABE; Dan Trudell, Defendants-Appellees.
 No. 90-1958.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1992.
 
 1
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion to set aside appellant procedures in which plaintiff stated his need for legal assistance, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). This appeal was held in abeyance by order filed February 27, 1991, pending the decision of a cost issue in Weaver v. Toombs, 948 F.2d 1004 (6th Cir.1991).
 
 
 3
 Smith filed a 42 U.S.C. § 1983 civil rights complaint. The defendants filed a motion to dismiss or for summary judgment and the magistrate recommended that such motion be granted. Smith failed to respond to the motion or file objections. The district court adopted the report and recommendation and dismissed the action.
 
 
 4
 The defendants sought costs as provided by Fed.R.Civ.P. 54(d), 28 U.S.C. §§ 1920 and 1923 in the amount of $32.80. Smith responded. The magistrate determined that the defendants were entitled to costs as a matter of statute, that plaintiff failed to provide evidence of his present level of indigency, and that a review of the statement of prisoner's account at the time he sought pauper status indicated an average income of $28.00 per month over a six-month period. Smith objected to the report and recommendation. The district court, by order entered July 26, 1990, accepted the report and recommendation and granted taxation of costs after reviewing and addressing Smith's objections. Smith appealed.
 
 
 5
 On appeal, Smith argues that 28 U.S.C. § 1923 does not authorize nominal attorney fees, that no attorney docket fees were incurred as provided by 28 U.S.C. §§ 1920 and 1923, and that no determination was made as to his capacity to pay the costs.
 
 
 6
 The plaintiff's arguments that 28 U.S.C. §§ 1920 and 1923 do not authorize nominal attorney fees and that no attorney docket fees were incurred as provided by statute are without merit. Attorney's docket fees in the amounts set forth in § 1923 are taxable as costs as provided by § 1920. Plaintiff's argument is that of semantics in that defendant sought "nominal attorney fees" while the statute provides for "attorney's and proctor's docket fees." The fees sought and granted were those specified by statute.
 
 
 7
 The plaintiff's argument that the district court made no determination as to his capacity to pay the costs is also without merit. The district court did not abuse its discretion in allowing costs as permitted by 28 U.S.C. § 1915(e) against an in forma pauperis plaintiff. The burden is on the plaintiff to show incapacity, as a practical matter and as a matter of equity, to pay such costs. Weaver v. Toombs, 948 F.2d at 1008-14. Although plaintiff indicated that he had less than $15.00 in his prison account, the magistrate determined that plaintiff had an average monthly income of $28.00 per month. The district court properly determined that plaintiff was not entitled to relief from taxation of costs after consideration of the plaintiff's ability to pay. See Weaver, 948 F.2d at 1013-14.
 
 
 8
 Accordingly, it is ORDERED the motion to set aside appellant procedures be denied and the July 26, 1990, order of the district court granting the motion to tax costs be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., U.S. District Judge for the Eastern District of Kentucky, sitting by designation